**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MICHAEL BURLEY, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WIRELESS CHOICE, LLC, a Domestic corporation, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MICHAEL BURLEY, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs") by and through his attorneys, TOUHY, TOUHY & BUEHLER and DiTommaso-Lubin PC, and, complaining of the Defendant, WIRELESS CHOICE LLC (hereinafter referred to as "Wireless Choice" or the "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff brings this action for unpaid compensation, monetary damages, declaratory and injunctive relief and other equitable and ancillary relief.  This action is brought under the Illinois Wage Payment and Collection Act, ("IWPCA"), 820 ILCS §115 *et seq.* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  The IWPCA claim is brought as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Rule __"). (The "Illinois Class") The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 201 *et seq.*  (The "FLSA Class")

2.     The Court has original jurisdiction under 28 U.S.C. §1331 and §1367.

3.     The Court has supplemental jurisdiction over the state law claim.

4.    Venue is appropriate under 28 U.S.C. §1391.

## PARTIES

5.    Plaintiff Michael Burley ("Burley") is a citizen of the State of Illinois.  Plaintiff was employed as a "Sales Representative" (i.e., sales clerk) by Defendant Wireless Choice in its store located in Naperville, Illinois from October, 2014 to May, 2015.

6.    Defendant Wireless Choice is a Domestic corporation headquartered in Berkeley, Illinois.  Wireless Choice operates 11 retail stores in Illinois.  Wireless Choice sells Sprint equipment and service.

7.    Defendant managed Plaintiff's work and dictated, controlled and ratified the wage and hour policies and all related employee compensation policies of Plaintiff and similarly situated employees.

8.    Plaintiff brings this action on behalf of himself and other past and present similarly situated employees pursuant to Rule 23(b)(3) with respect to the IWPCA claim and pursuant to Section 216 with respect to the FLSA claim.

## GENERAL ALLEGATIONS

9.    This action is brought as a class action to recover unpaid compensation, statutory penalties and damages owed to Plaintiff, and persons in other similarly titled positions (hereinafter referred to as Sales Representatives) employed by, or formerly employed by Defendant in the state of Illinois.

10.    This action is also brought as a collective action to recover unpaid compensation, statutory penalties and damages owed to Plaintiff, and persons in other similarly titled positions (hereinafter referred to as Sales Representatives) employed by, or formerly employed by Defendant anywhere in the United States.

11.    During the statutory period, any Sales Representative who was not paid for all hours worked was not paid appropriate compensation.  Sales Representatives kept a record of their time worked but they were not paid the overtime they were required to work.

12.    These practices also violate applicable provisions of the Illinois Minimum Wage Act.  As a result of this unlawful practice, Plaintiff and the Class suffered a loss of wages.

13.    Defendant failed to pay wages and benefits relating to those unpaid wages to Plaintiff and other Sales Representatives similarly situated during their employment.

14.    Plaintiff will promptly request that the Court certify a class of current and former Sales Representatives pursuant to Rule 23(b)(3) for the purpose of seeking compensation that is due and owing and other available damages and unpaid benefits under the wage payment laws of Illinois.  Plaintiff will also promptly request that the Court certify as a collective action a class of current and former Sales Representatives pursuant to Section 216 for the purpose of seeking compensation that is due and owing and other available damages and unpaid benefits  under the FLSA for a national class of Sales Representatives.

**CLASS ACTION ALLEGATIONS**

15.    Plaintiff seeks to bring this lawsuit on behalf of himself and on behalf of all other Illinois employees similarly situated, subject to entry of an order certifying this cause as a class action pursuant to Rule 23(b)(3).

16.    Rule 23(b)(3) provides that a cause of action may be maintained as a class action if:

    a.  The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b.  There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

d. The representative parties will fairly and adequately protect the interests of the class; and,

e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definition

17. Plaintiff seeks certification of the following Illinois Class:

"All individuals who were employed by the Defendant in the company's Illinois stores, as Sales Representatives at any time during the relevant statute of limitations period who were not paid for all of the overtime hours they worked."

## Numerosity

18. The Illinois Class satisfies the numerosity standards. Upon information and belief, Defendant is a private company operating eleven stores in Illinois and each store has several Sales Representatives on staff. With the high employee turnover the Defendant experiences, the class has at least one hundred members. The proposed class can be identified and located using Defendant's payroll and personnel records. Therefore, the Illinois Class is so numerous that the joinder of all members is impracticable. Illinois Class members may be informed of the pendency of this Class Action by direct mail based upon these available records and/or published and broadcast notice.

## Common Questions of Fact or Law

19. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a. Whether the class members were paid for all hours worked;

b. Whether the Defendant's failure to pay all wages due was willful; and,

4

c. Whether Plaintiff and the class have suffered damages and the proper measure of those damages.

20.　　The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

21.　　Plaintiff Burley's claims are typical of the claims of the Illinois class members. Plaintiff Burley suffered similar injuries as those suffered by other Illinois class members as a result of Defendant's failure to pay overtime for all hours worked over forty in a given work week.

## Adequacy

22.　　The named Plaintiff is an adequate representative of the class because he is a member of the Illinois class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the Illinois class members will be fairly and adequately protected by the named Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

## Superiority

23.　　A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary

duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

24.     Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

25.     Plaintiff seeks to maintain this suit as a collective action pursuant to U.S.C. §201 *et seq.*, on behalf of himself and the following class of persons (the FLSA Class):

> "All individuals who were employed by the Defendant in the company's stores nationwide, as Sales Representatives at any time during the relevant statute of limitations period who were not paid for all the overtime hours they worked."

26.     Plaintiff and other members of the FLSA Class are similarly situated because they have all been required to perform work activities on behalf of the company for which they have not been paid.

27.     Defendant has required Plaintiff and other member of the FLSA Class to work without compensation as set forth above, knowing that Plaintiff and members of the FLSA class have not been properly compensated for their time worked.

28.     Defendant's conduct, as alleged herein, was willful and has damaged Plaintiff and the members of the FLSA Class.

<u>**COUNT I**</u>
<u>**UNPAID WAGES UNDER THE IMWA**</u>

29.     Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

30.     Illinois law requires that an employee be paid all wages due.  Plaintiff and the Illinois Class who did not receive payment for all hours worked did not receive all wages due and owing.  Moreover, if the Defendant sponsored a plan, program and/or arrangement which covered one or more members of the class, and which required payments to or on account of benefits under the plan that were related to all compensation due to a class member, then Plaintiff and the Illinois Class did not receive all benefits due in violation of the foregoing laws.

31.     The foregoing actions of Defendant constitute violations of the IMWA. Defendant's actions were willful and not in good faith.

32.     Defendant is liable to Plaintiff and the Illinois Class for actual damages, equitable relief and any other damages awarded by this court, pursuant to Rule 23(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, MICHAEL BURLEY, individually and on behalf of all others similarly situated, by his attorneys, demands judgment against the Defendant and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff and the class for the nature, extent and duration of their damages, the costs of this action and as follows:

A.  Certify a class of individuals who were employed by the Defendant as Sales Representatives at any time during the relevant statute of limitations period who performed work for which they were not paid as aforesaid.

B.  Declare and find that the Defendant violated Illinois law by failing to pay all wages due to Plaintiff and similarly situated persons;

C.  Award compensatory damages, including all wages owed, in an amount according to proof;

D.  Award interest on all wages due accruing from the date such amounts were due;

E.  All costs and attorney's fees incurred prosecuting this claim;

F.  For such further relief as the Court deems just and equitable.

## COUNT II
## UNCOMPENSATED TIME UNDER THE FLSA

33.     Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

34.     Pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiff and the FLSA class have a right to be compensated for all overtime work time spent at the direction of, and for the benefit of, his employer.

35.     The time spent by Plaintiff and the FLSA Class working unpaid overtime is compensable work time payable at time and a half.

36.     By failing to pay Plaintiff and the FLSA Class for these overtime hours, Defendant violated the FLSA.

37.     Defendant is liable to Plaintiff and the FLSA Class for actual damages, equitable relief and any other damages awarded by this court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, MICHAEL BURLEY, individually and on behalf of all others similarly situated, by his attorneys, demands judgment against the Defendant and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff and the FLSA class for the nature, extent and duration of their damages, the costs of this action and as follows:

A.  Certify a collective action of individuals who were employed by the Defendant as Sales Representatives at any time during the relevant statute of limitations period who worked non-overtime hours work for which they were not paid.

B.  Declare and find that the Defendant  violated applicable federal law by failing to pay all wages due to Plaintiff and similarly situated persons;

C. Award compensatory damages, including all wages owed, in an amount according to proof;

D. Award interest on all wages due accruing from the date such amounts were due;

E. All costs and attorney's fees incurred prosecuting this claim;

F. For such further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable.


Dated:  June 5, 2015                                    Respectfully Submitted,


                                                       s/Terrence Buehler
                                                       ONE OF THE ATTORNEYS FOR PLAINTIFF


Terrence Buehler
Touhy, Touhy & Buehler, LLP
55 W. Wacker Drive Suite 1400
Chicago IL  60601
(312) 372-2209

Peter Lubin
Vincent DiTommaso
DiTommaso-Lubin P.C.
The Oak Brook Terrace Atrium
17W220 22d Street, Suite 200
Oak Brook Terrace, IL 60181