IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BURLEY, Individually, and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>WIRELESS CHOICE LLC, a Domestic Corporation,<br><br>      Defendant. | Case No.: 1:15-cv-04967<br><br>Honorable Judge Der Yeghiayan |

## JOINT STIPULATION OF RULE 23 SETTLEMENT

This Joint Stipulation of Settlement ("Joint Stipulation") was made and entered into by and between Plaintiff Michael Burley ("Burley"), on behalf of the Class Members (as hereinafter defined), and the Defendant Wireless Choice LLC ("Wireless Choice") and is conditioned upon the Court's approval and entry of a Final Order (as hereinafter defined).

1.    DEFINITIONS

The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more precisely defined in another Section.

    (a)    "Action" means the civil action filed in the United States District Court, Northern District of Illinois, entitled *Burley, et al. v. Wireless Choice LLC*, Civil Action Number Case No. 1:15-cv-04967.

    (b)    "Class" means all individuals who were formerly employed by Wireless Choice in its Illinois stores as Sales Representatives during any portion of the Settlement Period, who

were not paid for all of the overtime hours they worked. "Class Members" refers to the individuals in the Class.

(c) "Class Counsel" means Terrence Buehler, Vincent DiTommaso, and Peter Lubin.

(d) "Class Representative Enhancement" shall have the meaning set forth in Section 4 of this Joint Stipulation.

(e) "Court" means the United States District Court, Northern District of Illinois.

(f) "Defendant" or "Wireless Choice" means the Defendant, Wireless Choice LLC.

(g) "Final Order" means the final order entered by the Court as described in Section 5 of this Joint Stipulation.

(h) "Final Settlement Hearing" means the hearing to be conducted by the Court to determine whether to enter the Final Order approving and implementing the terms of this Agreement.

(i) "Individual Settlement Award" means the Settlement Payment due to a Settlement Class Member.

(j) "Motion for Preliminary Approval" refers to the motion or application for preliminary approval of this Joint Stipulation.

(k) "Order Granting Preliminary Approval" means the order or decision granting preliminary approval of this Joint Stipulation and the settlement it represents in a form to be agreed upon by the Parties, or absent agreement, to be determined by the Court.

(l) "Participating Claimant(s)" means each Class Member who properly and timely submits a Claim Form.

(m) "Parties" means Plaintiff and Defendant, together.

(n) "Plaintiff" means Michael Burley, individually, and in his capacity as a party seeking to act as a class representative.

(o) "Settlement" means the settlement of this Action and related claims effectuated by this Joint Stipulation and the Court's approval thereof.

(p) "Settlement Amount" refers to the amount that Wireless Choice shall be required to pay under this Agreement. The Settlement Amount shall consist of the following elements: (1) payments to Participating Claimant(s) upon the terms and conditions set forth in Section 4 of this Joint Stipulation; (ii) a class representative enhancement payable to Burley in the amount of $250.00; (iii) the Plaintiffs' expenses in the amount of $700.00; and (iv) payments to Class Counsel upon the terms and conditions set forth in Section 4 of this Joint Stipulation.

(q) "Settlement Class" means all Class Members who have not properly and timely opted out of the Action. "Settlement Class Members" refers to all of the individuals in the Settlement Class.

(r) "Settlement Period" shall mean June 1, 2013, through May 31, 2015.

(s) "Settling Parties" means the Plaintiff and the Defendant.

2. <u>BACKGROUND</u>

On June 5, 2015, Burley filed suit in the United States District Court for the Northern District of Illinois on behalf of himself and other similarly situated individuals who were employed by Defendant in its Illinois stores as Sales Representatives at any time during the relevant statute of limitations period who worked more than forty hours in a week, but did not receive overtime pay that included their commissions in the calculation of their regular hourly rate. Burley alleged that the Defendant failed to include commissions when it calculated the Class Members' regular hourly rate in connection with calculating their overtime and sought wages under the Illinois Wage Payment and Collection Act, 820 ILCS §115/1, *et seq.* ("IWPCA") and the Illinois Minimum Wage Law, 810 ILCS 105/1 *et seq.* (the "IMWL"). Wireless Choice disputes Burley's claims and denies that class action treatment is appropriate.

In light of the amount of money at issue, from the outset of this case, the Parties have been jointly working to reach settlement through the exchange of information and good-faith negotiations. Even today, the Parties disagree on many procedural and substantive issues. Burley believes that class certification is appropriate and that he and the Settlement Class would prevail on all claims if this litigation proceeded. Wireless Choice believes it could defeat class certification because, among other reasons, the numerosity requirement cannot be satisfied, and there is no commonality or typicality among the class of employees Burley purports to represent.

The Settling Parties enter into this Joint Stipulation on a conditional basis and for settlement purposes only. If for any reason this Joint Stipulation is not approved by the Court, this Joint Stipulation will be void and of no force and effect, and the Settling Parties expressly reserve their rights with respect to the prosecution and defense of the Action as if this Joint Stipulation never existed.

3. REASONS FOR SETTLEMENT

(a) Burley believes he and the Settlement Class have meritorious claims and that class certification is appropriate. Although the Settling Parties do not abandon the positions they took in this Action, they believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of these realities, the Settling Parties agree that this Joint Stipulation is fair, reasonable, and the best way to resolve the disputes between and among them.

(b) Class Counsel have diligently and thoroughly investigated the facts of this Action and researched the legal issues involved, including a review of relevant payment documents and data. Based on their own independent investigation and evaluation, Class Counsel believe that settlement for the consideration and other terms set forth in this Joint Stipulation is fair, reasonable, and adequate, and in the best interests of Burley and the Class Members. While

Class Counsel believe the claims asserted in the Action have merit, counsel recognize and acknowledge that it would be expensive, time-consuming, and impose substantial burdens on the Plaintiffs to fully prosecute this Action. Class Counsel also have taken into account the uncertainty and risks inherent in any litigation, especially in class actions in the post-*Wal-Mart v. Dukes* era.

(c) Wireless Choice denies liability or wrongdoing of any kind associated with the Plaintiffs' claims and further denies that this Action is appropriate for class treatment for any purpose other than settlement.

4. SETTLEMENT TERMS

The Parties enter into this Joint Stipulation and agree as follows:

(a) **Scope of Settlement**: The settlement described herein will resolve fully and finally all Settlement Class Members' Released Claims as described in Section 4, Paragraph (c).

(b) **Consideration**: Subject to Court approval, and in consideration for the release and settlement described in this Joint Stipulation, Wireless Choice shall pay the Settlement Amount under the terms and conditions described in this Joint Stipulation. Payment of the Settlement Amount shall be the sole financial obligation of Wireless Choice under this Joint Stipulation.

(c) **Release of Claims by Class Members.**

For and in consideration of the mutual promises contained herein, the Plaintiff and the Settlement Class Members (other than those who serve a timely and valid Election Not to Participate) fully and finally release, as of the date of the Court's preliminary approval of this Joint Stipulation, Wireless Choice, and its parents, subsidiaries, affiliates, if any, and all of its employees, members, managers, agents, attorneys, auditors, accountants, insurers, representatives, predecessors, and assigns (the "Released Parties"), from any and all "Settlement

Class Members' Released Claims." For the purposes of this Joint Stipulation, the Settlement Class Members' Released Claims are defined as: All claims, demands, rights liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that could have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule, or regulation, including state or federal wage and hour laws, whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of or relating to any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, or causes of action, alleged in the Action, including but not limited to claims: (i) that Wireless Choice violated the Illinois Wage Payment and Collection Act; (ii) that Wireless Choice violated the Fair Labor Standards Act; (iii) that Wireless Choice did not pay the Class Members all overtime they were owed for work performed as Class Members in Illinois; and (iv) that Wireless Choice owes penalties, interest, attorneys' fees, punitive damages, or other damages of any kind related to the claims alleged in the Action.

    (d)    **Release of Claims by Burley.**

In addition to the Class Members' Released Claims described above, in exchange for the consideration set forth in this Joint Stipulation, including, but not limited to the Class Representative Enhancement, Plaintiff Michael Burley, on behalf of himself and his successors, representatives, and assigns, acquits, discharges, and covenants not to sue any of the Released Parties for any claim, whether known or unknown, which he has ever had, or hereafter may claim to have, arising on or before the date of this Joint Stipulation, including, out limitation, any claims relating to or arising out of any aspect of his employment with Wireless Choice, including, without limitation, any claims for unpaid compensation, bonuses, penalties, or any state or federal law regarding wages or compensation. Burley acknowledges and agrees that the

foregoing release is given in exchange for the consideration provided to him by Wireless Choice.

(e) **Statement of No Admission.**

This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission by Wireless Choice as to the truth of the factual allegations or the merits of the claims made against Wireless Choice in this Action. This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission of liability or wrongdoing on the part of Wireless Choice with respect to this Action. This Joint Stipulation is a confidential settlement document and may not be admitted into evidence or used in any proceeding, except an action, motion, or proceeding to approve, interpret, or enforce the terms of the Joint Stipulation.

(f) **Monetary Terms of Settlement.**

Wireless Choice will make "Individual Settlement Award" payments to the Participating Claimant(s) of $30.00 per month for every full month of employment as a Sales Representative with Wireless Choice during the Settlement Period. For purposes of this Joint Stipulation, the term "full month" shall include only those months during which the Participating Claimant(s) worked eighty or more hours for Wireless Choice. Wireless Choice will also pay attorneys' fees in the amount of $15.00 per month for every month paid to the Participating Claimant(s) pursuant to the Settlement Payments formula set forth above. In addition, Wireless Choice will pay Burley an incentive payment of $500.00 (the "Class Representative Enhancement") and the costs incurred by Class Counsel in the amount of $700.00. These payments do not include administrative costs associated with the settlement.

(g) **Payment of Individual Settlement Awards.** Wireless Choice shall pay the Individual Settlement Awards to the Participating Claimant(s) within thirty (30) days after the entry of the Final Order. Any payments that are returned as undeliverable, or which are not negotiated within 120 days after mailing, shall revert to Wireless Choice. Within six months

after the approval of the Final Order, if requested by Class Counsel on behalf of any Participating Claimant, Wireless Choice will issue replacement settlement checks for checks that were lost, misplaced, delayed, or inadvertently destroyed.

(h) **Payment of Class Counsel Fees.** Wireless Choice shall pay the fees of Class Counsel on the terms set forth in Section 4(f), within sixty (60) days after the Court enters the Final Order.

(i) **Payment of Enhancement.** Wireless Choice shall pay to Burley (through Class Counsel) the Class Representative Enhancement within one (1) month after the Court enters the Final Order.

(j) **Allocation of Settlement Payments.** Wireless Choice will report all payments to the Participating Claimants and Class Counsel on Form 1099s. The Participating Claimants and Class Counsel shall be responsible for reporting and paying any and all applicable local, state, and federal taxes that may arise as a result of their receipt of payments hereunder.

5. SETTLEMENT PROCEDURES.

The Parties agree to the following procedures for obtaining preliminary approval of the Settlement, certifying a conditional Settlement Class, notifying Class Members, and obtaining final approval of the Settlement:

(a) **Class Certification for Settlement Purposes Only.** The Parties stipulate to certification of the Class for purposes of settlement only. If the court does not grant either preliminary approval or final approval of this settlement, then the Parties stipulation on Cass certification will be void and of no further force or effect.

(b) **Motion for Preliminary Approval.** As soon as practicable, the Plaintiff shall file the Motion for Preliminary Approval of the Settlement and Proposed Order Granting Preliminary Approval of the Settlement with the supporting papers. This Settlement Agreement

is confidential and shall be filed under seal. Wireless Choice shall not oppose the Motion for Preliminary Approval, other than to the extent that the Plaintiff requests relief that is inconsistent with, or beyond, the relief set forth in this Joint Stipulation. Should the Court decline to approve all material aspects of the Settlement fail to provide for dismissal of prejudice of the Action, or if for any reason Wireless Choice is determined not to be entitled to a dismissal with prejudice of the Action, Wireless Choice shall have no obligation to make any payment, including payment of the Settlement Amount, and in that event, if Wireless Choice has made any payment hereunder, such monies shall be returned promptly to Wireless Choice.

    (c)    **Notification of Settlement and Response Procedures.**

        (i)    **Notices.** Within thirty (30) calendar days following the entry of the Order Granting Preliminary Approval of the Settlement, Wireless Choice (through its counsel) shall mail the Notice of Settlement, including the Claim Form and Release, substantially in forms attached hereto as Exhibits A and B, to each of the Class Members. Mailing shall be conducted via U.S. Mail using the most current mailing address information available for Class Members from Wireless Choice's records. Wireless Choice shall be responsible for calculating the proposed Individual Settlement Awards for the Class Members. Upon Class Counsel's request, Wireless Choice shall provide Class Counsel with verification that the number of full months worked during the Settlement Period pertaining to each Class Member is correct based on the information available to Wireless Choice. Wireless Choice will utilize the best information available to it with respect to the full names, last known addresses, telephone numbers, and social security numbers of the persons identified from its records as being Class Members.

The proposed amount of the Individual Settlement Award, and the months included in the calculation of the Individual Settlement Award, for each individual Class

Member shall be set forth in that Class Member's Claim Form. The Notices shall provide that the Class Members who wish to participate in the Settlement must submit their completed Claim Forms and Releases to Wireless Choice within thirty-five (35) days after the date of Wireless Choice's mailing of the Notice and Claim and Release Forms to the Class Members. The Notices shall also notify the Class Members of their rights to accept, reject, or object to their specific Individual Settlement Awards and the terms of the Settlement.

(ii) **Claim and Release Submissions.** Each Class Member shall have thirty-five (35) days to submit his or her completed Claim and Release to Wireless Choice, which period shall begin on the date of Wireless Choice's mailing of the Notice and Claim and Release Forms to the Class Member. Class Members who timely and accurately complete and submit to Wireless Choice their Claim and Release Forms are "Participating Claimants." The expiration of the last thirty-five (35) day period described herein shall be the "Close of the Claims Period."

(iii) **Non-Participation in the Settlement.** Wireless Choice shall have no obligation to pay the Individual Settlement Award to a particular Class Member, or to pay the corresponding attorneys' fees to Class Counsel, under any of the following conditions:

(A) The Class Member opts to reject his or her Individual Settlement Award by filing and serving a valid and timely written Election Not to Participate in Settlement Form as provided in the Notice, in which case the Class Member will not be bound by the Settlement; or

(B) The Class Member does nothing, i.e., fails to complete or return to Wireless Choice the Claim Form within the thirty-day period described above, in

which case the Class Member will lose his or her ability to bring or participate in any similar action against Wireless Choice.

**(iv)** **Returned Notices.** If the Class Member's Notice form is returned to Wireless Choice (or its counsel) because of an incorrect address, then Wireless Choice (through its counsel) shall notify the Class Counsel. Within seven days of such notice, Class Counsel may supply Wireless Choice (through its counsel) with up to (and including) three (3) alternative addresses for that Class Member. If Class Counsel supplies Wireless Choice with an alternative address(es) for the Class Member, then Wireless Choice shall resend the Notice to that Class Member at the alternative address(es) by U.S. Mail within seven days of receipt of such alternative address information. If Wireless Choice does not receive alternative address information for that Class Member, or if the Notice still is returned because of an incorrect address, then Wireless Choice shall have no obligation to pay the Individual Settlement Award to that particular Class Member, or to pay the corresponding attorneys' fees to Class Counsel for that Particular Class Member, and that Class Member's claims against Wireless Choice, if any, shall not be deemed waived.

**(v)** **Objections.** The Notice shall provide that the Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement. Such written statement must be filed with the Court and served on counsel for the Parties no later than thirty-five (35) days following the mailing of the Notice. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection, whether by appeal or otherwise, to the Settlement.

(vi) **Disputes regarding Wireless Choice's calculation of Individual Settlement Awards.** If the Class Member disagrees with the total number of full months listed on his or her Claim Form, but the Class Member still wants to receive a Settlement payment, then the Class Member shall submit a completed Claim Form and shall indicate the start date and end date the Class Member claims to have worked for Wireless Choice as a Sales Representative during the Settlement Period. The Class Member shall also provide copies of any supporting documents he or she has, including, but not limited to, paystubs. In the event that the Class Member worked more full months during the Settlement Period than were listed on the Class Member's Claim Form, then Wireless Choice shall increase the Class Member's Individual Settlement Award (and the corresponding attorneys' fees), accordingly.

(d) **Final Settlement Hearing.** Within seven (7) business days after the Close of the Claims Period, the Plaintiff shall file a Motion for Final Approval of the Settlement. A Final Settlement Hearing to determine final approval of the Settlement shall be conducted subject to the calendar of the Court. The purposes of the Hearing shall be: (i) to determine the fairness, adequacy, and reasonableness of the Settlement; (ii) to determine Class Counsel's attorneys' fees and costs, consistent with the terms and conditions set forth in this Joint Stipulation; (iii) to approve the Settlement and Joint Stipulation; and (iv) to enter the Final Order. After entry of the Final Order, the Court shall have continuing jurisdiction over the Action solely for the purposes of (i) enforcing this Settlement Agreement; (ii) addressing settlement administration matters; and (iii) addressing such post-Final Order

(e) **Final Order.** Upon final approval of the Settlement, a Final Order shall be entered by the Court, which shall, among other things:

   (i)  Grant final approval to the settlement as fair, reasonable, adequate, in good faith, and in the best interests of the Class Members, and order the Parties to carry out the provisions of this Joint Stipulation;

   (ii)  Dismiss with prejudice the Action;

   (iii)  Adjudge that the Settlement the Settlement Class members are conclusively deemed to have released the Released Parties of and from any and all rights, claims, demands, liabilities, causes of action, liens and judgments arising out of or in any way related to the matters set forth, or that could have been set forth in the Action;

   (iv)  Bar and permanently enjoin each Settlement Class member from prosecuting against the Released Parties any and all of the Released Claims which the Settlement Class members have or may have in the future, arising out of, based upon, or otherwise related to the allegations in the Action; and

   (v)  Reserve continuing jurisdiction as provided herein.

6.  <u>CONSTRUCTION</u>

The terms and conditions of this Joint Stipulation are the result of extensive, arms-length negotiations between and among the Settling Parties. Accordingly, this Joint Stipulation is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of the Joint Stipulation.

7.  <u>INTEGRATION</u>

This Joint Stipulation contains the entire agreement between the parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

8.  BINDING ON SUCCESSORS AND ASSIGNS

This Joint Stipulation shall be binding upon and inure to the benefit of the Settling Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

9.  CLASS COUNSEL REPRESENTATION

Class Counsel represent and warrant that they do not currently represent any former or current employees of Defendant in any action other than this action. Class Counsel have had no contact with any other current or former employees of Defendant about potential claims against Defendant and are unaware of any employees with potential claims against Defendant.

10. PARTIES' AUTHORITY

The signatories hereto represent that they are fully authorized to enter into this Rule 23 Joint Stipulation and bind the respective Rule 23 Settling Parties to its terms and conditions.

Respectfully submitted this 1st day of February, 2016.

Terrence Buehler (eb)
Terrence Buehler
Law Office of Terrence Buehler
55 W. Wacker Drive, Suite 1400
Chicago, IL 60601
Tel: (312) 372-2209

Vincent DiTommaso (eb)
Vincent DiTommaso
Peter Lubin
DiTommaso-Lubin P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL
Tel: (630) 333-0000
vdt@ditommasolaw.com
psl@ditommasolaw.com

Rule 23 Class Counsel

/s/ Hilary E. Wild
Hilary E. Wild
ROLEWICK & GUTZKE, P.C.
1776 S. Naperville Road, Suite 104A
Wheaton, IL 60189
Tel: (630) 653-1577
hilaryw@rglawfirm.com
Counsel For Defendant Wireless Choice LLC