## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BURLEY, Individually, and on | ) | |
| Behalf of All Others Similarly Situated, | ) | |
| | ) | Case no. 1:15-cv-04967 |
| Plaintiffs, | ) | |
| | ) | Hon. Judge Samuel Der-Yeghiayan |
| v. | ) | |
| | ) | |
| WIRELESS CHOICE, LLC, a Domestic | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND FINAL JUDGMENT OF DISMISSAL
## OF CLASS ACTION WITH PREJUDICE

This matter having come before the Court on the Class Counsels' motion for approval of the settlement set forth in the Stipulation of Settlement dated January 28, 2016, and the exhibits attached thereto (the "Settlement Agreement"), relating to the above-captioned class action (the "Litigation"), the Court having considered the submissions by the parties, its own review of the pleadings in this matter, and the Fairness Hearing held on April 19, 2016, IT IS HEREBY ORDERED:

1. For purposes of this Order and Final Judgment, the Court adopts and incorporates herein the Stipulation of Settlement, including the definitions set forth therein.

2. This Court has jurisdiction over the subject matter of the Litigation, and over all parties to the Litigation, including all Class Members who did not timely exclude themselves from the Litigation.

3. The Court, having considered among other things the settlement amount, the releases, and dismissal of the Litigation as to Class Members' claims against the Defendant provided for in the Stipulation of Settlement, hereby approves the settlement set forth in the Stipulation of Settlement, and finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class Members in accordance with Federal Rule of Civil Procedure 23, and directs implementation of its terms and provisions.

4. The Court finds that the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Class Members based upon, among other things, its familiarity with the Litigation, and upon the following findings of fact and conclusions of law:

      (a) The Litigation between the Class and the Defendant was at all times litigated in a competent, vigorous and contested manner. Class Counsel provided vigorous and skillful representation to the Class Members, and

was experienced and knowledgeable. The Defendant was also represented by experienced, skilled, and knowledgeable counsel.

(b)  The Stipulation of Settlement was negotiated at arms' length.

(c)  The Class Members faced a risk that they would not prevail in the Litigation and that one or more of the defenses asserted by Defendant would be sustained.

(d)  Prior to entering into the Stipulation of Settlement, the parties exchanged substantial discovery.  Thus, the parties were well-positioned to evaluate the settlement value of the Litigation, as well as the risks of continued litigation.

(e)  If the settlement had not been reached, the parties faced the expense, risk and uncertainty of continued litigation before this Court and on appeal. The Court takes no position on the merits of either party's case.  The Court has considered the parties' positions on the merits and the risks of the Class Members' position in support of the fairness, reasonableness, and adequacy of the settlement.

(f)  The amount of the settlement is fair, reasonable, and adequate, and it is appropriate in light of claimed maximum damages of the Class Members. The settlement amount is within the range of reasonable settlements that would have been appropriate in this case.  The Court observed nothing to indicate a better settlement could or would have been obtained through continued litigation or other action.

(g)  At all times, Class Plaintiff and Class Counsel have acted independently.

5.  The Court hereby dismisses the Litigation with prejudice and without costs as to all claims that Class Plaintiffs raised against the Defendants.  The Court specifically finds that all Class Members who did not timely exclude themselves from the Litigation are bound by the Stipulation of Settlement and this Order.

6.  Neither the Settlement Agreement, this Order, the separate final judgment (or any of the terms or provisions of those documents), nor the fact of settlement, nor any of the proceedings or negotiations connected with settlement (or any of the documents, briefs or statements therein) shall be: (a) construed as a concession or admission by the Defendants (or any other Releasee) with respect to any of the released claims or be deemed evidence of any violation of any statue or law or of any liability, fault or wrongdoing with respect to any released claim;  (b) offered or received against the Defendants as an admission of concession that recovery could be had in any amount should the Litigation not be settled; (c) construed as a concession or admission by Class Plaintiffs or any Class Member that their claims lack merit or that the defenses asserted by the Defendants have merit; (d) offered or received in evidence in any civil, criminal or administrative action, arbitration or other proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation of Settlement; provided, however, that the Defendants may file the Stipulation of Settlement, judgment and/or any release executed in connection therewith, in any action that may be brought against the

Defendants in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

7.      The Court finds that the notice given to Class Members was appropriate under the circumstances, properly informed them of the proposed settlement and the proceedings to be followed in connection with its approval, and constituted valid, due, and sufficient notice to all Class Members, complying fully with Federal Rule of Civil Procedure 23, the United States Constitution, and all other legal requirements.

8.      The Court has considered Class Counsel's Motion for Attorneys' Fees and Costs, as well as the record in the Litigation.  The Court approves payment to Class Counsel of $1,365.00 in attorneys' fees and $700.00 in reimbursement of litigation costs and expenses, to be paid in accordance with the Stipulation of Settlement.  The amount of fees is appropriate under the percentage of recovery method of fee computation.  In making this determination, the Court further finds and concludes and bases its determination on the recognition that settlement funds available to Class Members were created by the efforts of Class Counsel, for which they are entitled to compensation.

9.      Without affecting the finality of this judgment in any way, the Court hereby retains exclusive jurisdiction over any and all issues, cases or matters relating to or concerning the administration, effectuation, and enforcement of the Settlement Agreement, and the parties, Class Members and counsel in connection therewith, and for such other matters as may properly come before it.

DATED: April 19, 201

Honorable Samuel Der-Yeghiayan
United States District Court Judge